**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
SECURITIES AND EXCHANGE      :
COMMISSION,                  :
          Plaintiff,   :    03 Civ. 177 (JFK)
  -against-                 :  **MEMORANDUM OPINION AND ORDER**
                                :
PAUL E. JOHNSON,             :
          Defendant.   :
------------------------------X

APPEARANCES:

       For Plaintiff Securities and Exchange Commission:

           Securities & Exchange Commission
           Russell D. Duncan, Esq.
           Donald N. Dowie
           Stacey M. Nahrwold
           U.S. Securities & Exchange Commission
           450 Fifth Street, N.W.
           Washington, D.C. 20549-0911


       For Defendant Paul E. Johnson:

           Paul, Weiss, Rifkind, Wharton & Garrison LLP
           Mark F. Pomerantz, Esq.
           Eric S. Goldstein, Esq.
           Douglas M. Pravda, Esq.
           1285 Avenue of the Americas
           New York, NY 10019-6064

**JOHN F. KEENAN, United States District Judge**
**JOHN F. KEENAN, United States District Judge**

Given Plaintiff's preponderance of the evidence burden in this securities fraud case and the high standards by which the Court is bound when reviewing jury verdicts, Defendant's motion to set aside the verdict and grant judgment on the law or, in the alternative, for a new trial, is denied.

## Discussion

The facts in the case are not set forth in detail here. They are contained in the Court's March 24, 2005 decision denying Defendant's summary judgment motion. See S.E.C. v. Johnson, No. 03 Civ 177, 2005 WL 696891 (S.D.N.Y. Mar. 24, 2005).

Under Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), a court may grant judgment as a matter of law where "(1)there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." Hernandez v. Keane, 341 F.3d 137, 143-44 (2d Cir. 2003). The Court must view the evidence in a light most favorable to the non-movant and draw all inferences in that party's favor. Diesel v. Town of Lewisboro, 232 F.3d 92, 104 (2d Cir. 2000).

Under FRCP 59, a court may grant a new trial where "the jury has reached a seriously erroneous result or . . . the verdict

is a miscarriage of justice . . . ." Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003). Although the Court "is free to weigh the evidence, and need not view it in the light most favorable to the verdict winner," id. at 244-45, it should be wary of disturbing the jury's credibility determinations. Metromedia Co. V. Fugazy, 983 F.2d 350, 363 (2d Cir. 1992); Giles v. Rhodes, 171 F.Supp.2d 220, 226 (S.D.N.Y. 2001). In the Second Circuit, "[i]t is well settled that a trial judge's disagreement with the jury's verdict is not sufficient reason to grant a new trial." Mallis v. Bankers Trust, 717 F.2d 683, 691 (2d Cir. 1983).

This is not a case in which either of the standards under Rules 50 or 59 is met. The Court denied Defendant's summary judgment motion, finding material issues of fact, and twice during trial denied Defendant's motion for a directed verdict. A jury comprised of intelligent individuals found by a preponderance of the evidence that Defendant, Paul Johnson, committed securities fraud under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

To establish a cause of action under § 10(b) or 10b-5, a plaintiff must show "(1) in connection with the purchase or sale of a security; (2) defendant, acting with scienter; (3) made a material misrepresentation or (where there exists a duty to speak) a material omission." Press v. Quick & Reilly, Inc., 218 F.3d

121, 129 (2d Cir. 2000).¹ The jury found by a fair preponderance of the evidence that Johnson made omissions and misrepresentations that were material in the eyes of a reasonable investor and that Johnson acted with scienter when he failed to adequately disclose his interest in companies he covered in research reports. The jury answered affirmatively the four special interrogatories posed by the Court:

> 1. Has the S.E.C. established by a fair preponderance of the evidence that Paul Johnson violated the federal securities laws in accordance with my charge by fraudulently omitting material facts as to Redback?
>
> 2. Has the S.E.C. established by a fair preponderance of the evidence that Paul Johnson violated the federal securities laws in accordance with my charge by fraudulently omitting material facts as to Sycamore?
>
> 3. Has the S.E.C. established by a fair preponderance of the evidence that Paul Johnson violated the federal securities laws in accordance with my charge by fraudulently omitting material facts as to his sale of Corvis stock?
>
> 4. Has the S.E.C. established by a fair preponderance of the evidence that Paul Johnson violated the federal securities laws in accordance with my charge by fraudulently misstating material facts as to his investment opinion of Corvis stock?

There was sufficient evidence to support these findings. With regard to materiality, for example, an SEC investor alert was offered into evidence, which specifically warns: "[T]he fact that an analyst . . . may have a conflict of

---

¹The interstate commerce element is not in dispute on this motion.

interest . . . . [is] a fact you should know and consider in assessing whether the recommendation is wise for you." (Oral Argument Tr. at 23 (reading from Def.'s Ex. BI.))  Evidence was presented showing that Robertson Stephens, Johnson's employer, required analysts to disclose private investments (Tr. at 357) and also that NASD Rule 3040 required analysts to give their firms written notice of such investments (Tr. at 355; Def.'s Ex. 301, Def's Ex. 1006).  John Sanders, head of compliance for Robertson Stephens testified that had he known about Johnson's private holdings, he would have pulled Johnson's reports. (Tr. at 372-373.)

Under TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976), an omitted fact is material if "the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."  Based on evidence presented, a rational juror could find that Johnson's private holdings in all three of the stocks at issue here and his statements about Corvis were material to a reasonable investor.

Scienter, which has been defined as "intent to deceive, manipulate, or defraud, or at least knowing misconduct," SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1467 (2d Cir. 1996) (citations omitted), may be shown by (a) motive and opportunity, or (b) strong circumstantial evidence of conscious misbehavior or

recklessness.  Podany v. Robertson Stephens, Inc., 318 F. Supp. 2d 146, 156 n.4 (S.D.N.Y. 2004) (quotations and citations omitted). On the issue of scienter, the jurors chose to find Johnson's testimony that he did not know he needed to specifically disclose his interest in Redback, Sycamore, and Corvis to investors, less than credible, which was their prerogative as fact finders. See United States. v. Frampton, 382 F.3d 213, 221 (2d Cir. 2004).

Evidence was also presented that Johnson, while publishing reports giving Corvis a "buy" rating, made private statements that one could deem contrary, namely that he would not buy Corvis at its current price. (Welch Dep. at 34, 149.) Johnson also testified that management asked him to stop investing in private companies but eventually backed down to prevent Johnson from quitting. (Tr. at 441.) A rational juror could conclude based on this evidence that Johnson knew he was doing something wrong or was reckless when he did not disclose his specific investments and interest in the three stocks at issue in this case and when he made statements regarding Corvis that were contrary to his "buy" rating.

There was also evidence weighing against liability but not enough for judgment on the law, as FRCP 50 requires a complete lack of evidence to support the jury's verdict or overwhelming evidence in favor of the movant.

Even after independently weighing the evidence as FRCP 59 permits, the Court cannot find sufficient grounds for granting a new trial. The Court found both sides professional and persuasive during oral arguments on the motion. Admittedly, this case is a close call, but a close call is not tantamount to a "miscarriage of justice" or a "seriously erroneous result." Granting a new trial would require the Court to interfere with the jury's credibility determinations, especially with regard to the scienter element, which by its nature, turns largely on Johnson's testimony.

## Conclusion

After painstaking consideration of Defendant's motion, the Court finds no exceptional circumstance warranting judgment on the law or a new trial. Defendant's motion is denied in its entirety. Plaintiff is directed to submit a memorandum of law regarding disgorgement, civil penalties, and injunctive relief, including a proposed injunctive order by March 31, 2006. Defendant shall submit objections by May 1, 2006. Plaintiff's reply is due May 22, 2006.

**SO ORDERED.**
**Dated:** New York, New York
January 31, 2006

*John F. Keenan*

**JOHN F. KEENAN**
United States District Judge